FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 19, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ENEDELIA M.,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　　Defendant. | NO: 1:20-CV-03043-FVS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

　　　BEFORE THE COURT are the parties' cross motions for summary judgment. ECF Nos. 18 and 19. This matter was submitted for consideration without oral argument. The Plaintiff is represented by Attorney Victoria B. Chhagan. The Defendant is represented by Special Assistant United States Attorney Jeffrey E. Staples. The Court has reviewed the administrative record, the parties' completed briefing, and is fully informed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion for Summary Judgment, ECF No. 18, and **DENIES** Defendant's Motion for Summary Judgment, ECF No. 19.

ORDER ~ 1

## JURISDICTION

Plaintiff Enedelia M.[1] protectively filed for disability insurance benefits on November 30, 2016, alleging an onset date of May 15, 2015. Tr. 234-42. Benefits were denied initially, Tr. 140-46, and upon reconsideration, Tr. 149-55. Plaintiff appeared for a hearing before an administrative law judge ("ALJ") on August 23, 2018. Tr. 52-97. Plaintiff was represented by counsel and testified at the hearing. *Id*. The ALJ denied benefits, Tr. 12-32, and the Appeals Council denied review. Tr. 1. The matter is now before this court pursuant to 42 U.S.C. § 405(g).

## BACKGROUND

The facts of the case are set forth in the administrative hearing and transcripts, the ALJ's decision, and the briefs of Plaintiff and the Commissioner. Only the most pertinent facts are summarized here.

Plaintiff was 50 years old at the time of the hearing. Tr. 92. She completed eleventh grade. Tr. 92-93, 276. Plaintiff lives with her husband and her three adopted grandchildren. Tr. 59. Plaintiff has work history as a home attendant, bartender, housekeeper, retail store manager, motel manager, and waitress. Tr. 60-62, 72-80, 90-92. Plaintiff testified that she could not work full-time because of right upper extremity pain, anxiety, and fatigue. Tr. 72-73. Plaintiff testified that

---

[1] In the interest of protecting Plaintiff's privacy, the Court will use Plaintiff's first name and last initial.

ORDER ~ 2

her pain starts at the top of her right shoulder and "shoots down" her neck into her right arm and fingers. Tr. 64. She gets tingling in her fingers, weakness in her hand, and shooting pain all the way from her shoulder down to her hand. Tr. 64-65. Plaintiff testified that she has difficulty grabbing and twisting with her right hand. Tr. 65. She also reported that she is experiencing depression because she does not "have the ability or strength" to do the things she used to do. Tr. 69-71.

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether the standard has been satisfied, a reviewing court must consider the record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the

ORDER ~ 3

ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's

ORDER ~ 4

1  work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in

2  "substantial gainful activity," the Commissioner must find that the claimant is not

3  disabled. 20 C.F.R. § 404.1520(b).

4      If the claimant is not engaged in substantial gainful activity, the analysis

5  proceeds to step two. At this step, the Commissioner considers the severity of the

6  claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers

7  from "any impairment or combination of impairments which significantly limits

8  [his or her] physical or mental ability to do basic work activities," the analysis

9  proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment

10  does not satisfy this severity threshold, however, the Commissioner must find that

11  the claimant is not disabled. 20 C.F.R. § 404.1520(c).

12      At step three, the Commissioner compares the claimant's impairment to

13  severe impairments recognized by the Commissioner to be so severe as to preclude

14  a person from engaging in substantial gainful activity. 20 C.F.R. §

15  404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

16  enumerated impairments, the Commissioner must find the claimant disabled and

17  award benefits. 20 C.F.R. § 404.1520(d).

18      If the severity of the claimant's impairment does not meet or exceed the

19  severity of the enumerated impairments, the Commissioner must pause to assess

20  the claimant's "residual functional capacity." Residual functional capacity (RFC),

21  defined generally as the claimant's ability to perform physical and mental work

ORDER ~ 5

activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and past work experience. 20 C.F.R. § 404.1520(a)(4)(v). If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. 20 C.F.R. § 404.1520(g)(1).

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant

ORDER ~ 6

numbers in the national economy." 20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

### ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff has not reported earnings at the level of substantial gainful activity since May 15, 2015. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative joint disease and diabetes. Tr. 18. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. Tr. 20. The ALJ then found that Plaintiff has the RFC "to perform light work as defined in 20 CFR 404.1567(b) except the claimant: can occasionally crawl; cannot climb ladders, ropes, or scaffolds; can occasionally reach overhead and to the side bilaterally." Tr. 21. At step four, the ALJ found that Plaintiff is capable of performing past relevant work as a housekeeping cleaner, bartender, hotel and retail manager, and waitress. Tr. 25. In the alternative, at step five, the ALJ found that considering Plaintiff's age, education, work experience, and RFC, there are other jobs that exist in significant numbers in the national economy that Plaintiff also can perform, including: production line sauderer, electrical accessories assembler, and marker. Tr. 26 On that basis, the ALJ concluded that Plaintiff has not been under a disability, as defined in the Social Security Act, from May 15, 2015, through the date of the decision. Tr. 26-27.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying her disability insurance benefits under Title II of the Social Security Act. ECF No. 18. Plaintiff raises the following issue for this Court's review: whether the ALJ properly weighed the medical opinion evidence.

## DISCUSSION

### A. Medical Opinions

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari,* 246 F.3d 1195, 1201–02 (9th Cir. 2001)(citations omitted). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id.* If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir.2005). Conversely, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (citing *Lester v. Chater,* 81 F.3d 821, 830–831 (9th Cir. 1995)).

ORDER ~ 8

"However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.,* 554 F.3d 1219, 1228 (9th Cir. 2009) (quotation and citation omitted).

The opinion of an acceptable medical source such as a physician or psychologist is given more weight than that of an "other source." *See* SSR 06-03p (Aug. 9, 2006), *available at* 2006 WL 2329939 at *2; 20 C.F.R. § 416.927(a). "Other sources" include nurse practitioners, physician assistants, therapists, teachers, social workers, and other non-medical sources. 20 C.F.R. §§ 404.1513(d), 416.913(d). The ALJ need only provide "germane reasons" for disregarding an "other source" opinion. *Molina*, 674 F.3d at 1111. However, the ALJ is required to "consider observations by nonmedical sources as to how an impairment affects a claimant's ability to work." *Sprague v. Bowen,* 812 F.2d 1226, 1232 (9th Cir. 1987).

Plaintiff argues the ALJ erroneously considered the opinions of treating providers Gloria Abacan, M.D. and Jonathon McJilton, PA-C. ECF No. 18 at 3-9. In December 2016, Dr. Abacan noted that Plaintiff was diagnosed with AC joint arthrosis, tendinosis of the supraspinatus and subscapularis, subdeltoid bursitis, and carpal tunnel syndrome below the elbow. Tr. 329. She listed clinical findings of tenderness in the right AC joint, medial and lateral epicondyle, and limited abduction of the right shoulder. Tr. 329. Dr. Abacan opined that Plaintiff would

ORDER ~ 9

miss one to two weeks per month if she attempted to work a 40-hour per week schedule; and she limited Plaintiff to light work with only occasional reaching with her right upper extremity.  Tr. 329-30.  The ALJ assigned partial weight to Dr. Abacan's opinion and found the "exertional and manipulative restriction is consistent with the longitudinal evidence of record and the other opinions of record; however, the opinion regarding missed work due to her impairments is inconsistent with the record."  Tr. 24.

In December 2016, Mr. McJilton noted that Plaintiff was diagnosed with degenerative joint disease of her right AC joint, and cited clinical findings of tenderness to palpation and clavicle, positive empty can test, positive Hawkins test, positive Mazion test, pain with extension, and pain with internal rotation.  Tr. 331.  Mr. McJilton opined that Plaintiff was limited to light work with only occasional reaching with her right upper extremity.  Tr. 332.  The ALJ gave great weight to Mr. McJilton's opinion because it was generally consistent with the evidence of record.  Tr. 24.

Plaintiff argues that the ALJ "did not adequately explain why he accepted the opinions of [Plaintiff's] treating medical providers limiting her to occasional reaching, yet only included limitations to overhead and lateral reaching in his residual functional capacity (RFC) finding."  ECF No. 18 at 3.  The Court agrees. "The ALJ is responsible for translating and incorporating clinical findings into a succinct [RFC]."  *Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th

ORDER ~ 10

Cir. 2015); *see also Turner v. Comm'r of Soc. Sec.,* 613 F.3d 1271, 1223 (9th Cir. 2010) (an ALJ's findings need only be consistent with a physician's credited limitations, not identical to them). However, as per Social Security Ruling (SSR) 96-8p, the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." SSR 96-8p, *available at* 1996 WL 374184 at *7 (Jul. 2, 1996). Here, as noted by Plaintiff, the ALJ "provided no basis" for "interpret[ing] the medical opinions limiting [Plaintiff] to occasional reaching as a limitation to occasional overhead and lateral reaching with no limitation in forward reaching." ECF No. 18 at 8. Notably, Defendant concedes that "Plaintiff is correct that the evidence, including medical and other opinions that the ALJ credited, supports a limitation to only occasional reaching (in any direction) with her right arm." ECF No. 19 at 2 (citing Tr. 24, 329-30, 332). Based on the foregoing, the Court finds the ALJ erred by failing by either providing the requisite reasons to reject Dr. Abacan and Mr. McJilton's opinion that Plaintiff was limited to occasional reaching in the forward direction, or to specifically incorporate this limitation into the assessed RFC along with occasional reaching overhead and laterally. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (failure to address medical opinion was reversible error); *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 886 (9th Cir. 2006) ("an ALJ is not free to disregard properly supported limitations").

ORDER ~ 11

As a final matter, Defendant argues that "Plaintiff is wrong to claim that the ALJ's failure to include this limitation in the residual functional capacity assessment was harmful in this case." ECF No. 19 at 2-4. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *See Molina*, 674 F.3d at 1115. Specifically, Defendant argues that at step four "the ALJ found Plaintiff could return to her past relevant work as a hotel manager and retail manager, among other jobs. These jobs require only occasional reaching in any direction, and therefore would not be undermined by a limitation to only occasional reaching with the right arm in any direction." ECF No. 19 at 2-3 (citing DOT 185.167-046, *available at* 1991 WL 671299 (manager, retail store); DOT 187.117-038, *available at* 1991 WL 671352 (manager, hotel or motel)). Plaintiff argues "the Court should remand this case for further proceedings in order to determine the vocational significance of an occasional forward limitation on her past relevant semi-skilled and skilled work." ECF No. 20 at 2. The Court agrees.

Here, in the first hypothetical question posed to the VE, the ALJ included a limitation to light work with occasional overhead reaching only; and the VE testified that this hypothetical individual could perform Plaintiff's past relevant work as a waitress, motel manager, and retail manager. Tr. 92-93. In the second hypothetical, the ALJ added the limitation of simple, routine, repetitive tasks; and the VE testified that this hypothetical individual could perform Plaintiff's past relevant work as a housekeeper/cleaner, in addition to "other jobs" of production

ORDER ~ 12

line sauderer, electrical accessories assembler, and marker. Tr. 93-94. In the third hypothetical, the ALJ added a limitation to lateral reaching; and the VE testified that would "not eliminate or affect any of these jobs." Tr. 94. Finally, Plaintiff's representative questioned the VE as follows:

> ATTY: So if we took the Judge's second hypothetical but then also added that the individual would be limited to with her right upper extremity, be limited to occasional reaching in any direction, would there be any other – would they be able to do the jobs that you listed or any other jobs in the regional or national economy?
>
> VE: No. All the jobs I provided would be eliminated as well as the labor market. It would also erode the labor market. Further the issue would look at it as simple and repetitive or routine level of jobs is that the individual would be doing some type of assembly, whether it's assembling pieces of metal or pieces of paper, there's going to be some type of assembly work. At the very least, the reaching specifically in front is going to be at the frequent level and so as a minimum. And so restricting the reach in all directions is going to erode the labor market.

Tr. 95-96.

Based on this testimony, Defendant argues that a limitation to occasional reaching is only "work-preclusive" when paired with a restriction to "simple jobs," and therefore "as the DOT shows, the omitted restriction does not affect the ALJ's reliance on Plaintiff's higher-skilled past relevant work." ECF No. 19 at 4. This argument is unavailing. As noted by Plaintiff, "this testimony only addresses the impact of occasional reaching in all directions on unskilled work. That is because the VE was not asked about the impact of occasional reaching in all directions on [Plaintiff's] past semi-skilled and/or skilled work. The VE should be asked this question on remand." ECF No. 20 at 4. In support of this argument, Plaintiff notes

ORDER ~ 13

that the DOT listing for waitress and bartender, both jobs the VE testified did *not* require frequent overhead or lateral reaching, nonetheless have a general DOT reaching requirement of "frequent."  ECF No. 20 at 5 (citing DOT 312.474-010, *available at* 1991 WL 672698; DOT 311.477-030, *available at* 1991 WL 672688). Thus, any error by the ALJ cannot be harmless because "the DOT does not differentiate between overhead, lateral, and forward reaching, [so] it is necessary to look to the VE testimony for clarification."  ECF No. 20 at 5.  While not cited by either party, this conclusion is further supported by the VE's own testimony that her statements are not consistent with the DOT "as far as the reaching is concerned because the DOT does not provide information on the levels of reaching, [so] that's based on my professional experience, education and training and observation of these jobs over the years."  Tr. 94-95.

      For all of these reasons, the record, as it stands, does not permit the Court to conclude that the ALJ's error in considering the treating medical opinions is harmless based solely on the DOT's general guidance on "reaching" restrictions without further distinction as to overhead, forward, and lateral reaching.  *See* SSR 00-4p, *available at* 2000 WL 1898704 at *2 (ALJ is required to "explain in the determination or decision how he or she resolved the conflict [between the expert's testimony and the DOT]"); *Molina*, 674 F.3d at 1115 (error is harmless only "where it is inconsequential to the [ALJ's] ultimate nondisability determination."). Because the hypothetical RFC posed to the vocational expert did not accurately

ORDER ~ 14

reflect all of Plaintiff's limitations, the expert's testimony has no evidentiary value to support the ALJ's step five finding that plaintiff can perform jobs in the national economy. *Robbins*, 466 F.3d at 886. Accordingly, the ALJ's step five determination is unsupported by substantial evidence. Because the ALJ erred by failing to either reject or properly incorporate Dr. Abacan and Mr. McJilton's opinion that Plaintiff was limited to occasional reaching in all directions, and/or resolve any inconsistency between the DOT and the VE testimony with regard to reaching restrictions, the opinions must be reconsidered on remand, along with the subsequent steps of the sequential analysis.

## REMEDY

The decision whether to remand for further proceedings or reverse and award benefits is within the discretion of the district court. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). An immediate award of benefits is appropriate where "no useful purpose would be served by further administrative proceedings, or where the record has been thoroughly developed," *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1399 (9th Cir. 1988), or when the delay caused by remand would be "unduly burdensome[.]" *Terry v. Sullivan*, 903 F.2d 1273, 1280 (9th Cir. 1990); *see also Garrison*, 759 F.3d at 1021 (noting that a district court may abuse its discretion not to remand for benefits when all of these conditions are met). This policy is based on the "need to expedite disability claims." *Varney*, 859 F.2d at 1401. But where there are outstanding issues that must be resolved

ORDER ~ 15

before a determination can be made, and it is not clear from the record that the ALJ would be required to find a claimant disabled if all the evidence were properly evaluated, remand is appropriate. *See Benecke v. Barnhart*, 379 F.3d 587, 595-96 (9th Cir. 2004); *Harman v. Apfel*, 211 F.3d 1172, 1179-80 (9th Cir. 2000).

The Court finds that further administrative proceedings are appropriate. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). Here, the ALJ improperly considered the medical opinion evidence, which calls into question whether the assessed RFC, and resulting hypothetical propounded to the vocational expert, are supported by substantial evidence. "Where," as here, "there is conflicting evidence, and not all essential factual issues have been resolved, a remand for an award of benefits is inappropriate." *Treichler*, 775 F.3d at 1101. Instead, the Court remands this case for further proceedings. On remand, the ALJ should reevaluate the opinions of Dr. Dr. Abacan and Mr. McJilton, as well as all relevant medical opinion evidence. If necessary, the ALJ should order additional consultative examinations and, if appropriate, take additional testimony from medical experts. The ALJ should reassess Plaintiff's RFC and, if necessary, take additional testimony from a vocational expert which includes all of the limitations credited by the ALJ.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

ORDER ~ 16

1. Plaintiff's Motion for Summary Judgment, ECF No. 18, is **GRANTED,** and the matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

2. Defendant's Motion for Summary Judgment, ECF No. 19, is **DENIED**.

3. Application for attorney fees may be filed by separate motion.

The District Court Clerk is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** July 19, 2021.



Stanley A. Bastian
Chief United States District Judge

ORDER ~ 17